UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RBG MANAGEMENT CORP.,

                Plaintiff,

-against-

VILLAGE SUPER MARKET, INC.,

                Defendant.

22-cv-07996 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

      Before the Court is Defendant's letter-motion to stay discovery pending the resolution of its motion to dismiss. ECF No. 20 ("Mot."). Plaintiff opposes the motion to stay. ECF No. 23 ("Opp."). For the reasons set forth below, Defendant's letter-motion is DENIED.

## BACKGROUND

      On September 19, 2022, Plaintiff RBG Management Corp. ("RBG" or "Plaintiff") initiated this action for tortious interference with a contract, tortious interference with economic relations and prospective economic relations, unfair competition, and unjust enrichment against Defendant Village Super Market, Inc. ("Village" or "Defendant"). ECF No. 1 ("Compl."). In summary, the complaint alleges that Village forced Wakefern Food Corporation ("Wakefern"), a third party in this action, to suddenly halt its supply of private-label products[1] to Plaintiff more than two years before a supply contract ended. *Id*. ¶¶ 1, 67. Allegedly, Wakefern was acting at the instruction of Village, which is a member of its grocery store cooperative and yields "major economic and operational leverage over Wakefern." *Id*. ¶¶ 1, 68, 71. Plaintiff alleges that Wakefern's decision to stop supplying

---

[1] A private-label product, as distinguished from a brand-name product, bears the label of a grocery chain and therefore presents as a grocery chain's own product. Compl. ¶ 21.

private-label products caused damages such as supplier replacement costs, lost investment costs for promoting Wakefern private label products, and costs associated with new private label products, among others. *Id.* ¶ 77.

Defendant filed a motion to dismiss the entire complaint on November 28, 2022. ECF No. 17 ("Mot. to Dismiss"); *see* ECF No. 18 ("Def. Memo."). On January 9, 2023, Plaintiff filed its opposition to the motion to dismiss. ECF No. 22 ("Mot. to Dismiss Opp."). No reply has been filed yet.

The motion to dismiss seeks to dismiss the entire complaint. Def. Memo. at 1-2. Defendant moves to dismiss the claim of tortious interference on the grounds that it has an economic interest defense and Plaintiff did not establish that Wakefern breached its contract with Plaintiff. Mot. to Dismiss at 9-16. Defendant claims that Plaintiff did not state a claim for tortious interference with prospective economic relations because Plaintiff failed to plead that Defendant engaged in any wrongful conduct; rather, Defendant merely acted in pursuit of its own economic self-interest pursuant to "its rights as a Wakefern shareholder and member . . . ." *Id.* at 16-18. Defendant moves to dismiss the claim of unfair competition by arguing that Plaintiff's complaint failed to state a claim with requisite factual specificity and that Plaintiff, as the licensee of the trademark in question, could not claim misappropriation of goodwill of the trademark. *Id.* at 18-19. Defendant moves to dismiss the final claim of unjust enrichment for related reasons, including notably that Plaintiff could not be deprived of a benefit – that is, the use of a trademark – that it did not own. *Id.* at 20-21. Defendant also moves to dismiss Plaintiff's claim for punitive damages. *Id.* at 22-23.

The Court held an initial pretrial conference on December 21, 2022. At that conference the parties represented that they agreed on initiating discovery, but could not agree

on proceeding beyond the initial steps of discovery while the motion to dismiss was pending. Defendant filed a letter-motion to stay discovery on January 4, 2023. *See* Mot. On January 10, 2023, Plaintiff filed its opposition to that motion. *See* Opp.

## DISCUSSION

A court may, on a showing of "good cause," stay discovery during the pendency of a motion to dismiss. *See, e.g.*, *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). However, the filing of a motion to dismiss does not itself constitute "good cause," and courts have considerable discretion in determining whether a stay is warranted. *See Kaplan v. Lebanese Canadian Bank, SAL*, No. 08-cv-07253 (GBD) (KHP), 2022 WL 2541081, at *1 (S.D.N.Y. July 7, 2022). In exercising this discretion, "[c]ourts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Republic of Turkey*, 316 F. Supp. at 677 (internal citations and quotation marks omitted). The "strength of the motion" factor contemplates whether the party seeking the stay has "substantial arguments for dismissal," or whether "the plaintiff's claim is unmeritorious." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (internal citations and quotation marks omitted).

The Court first considers whether the "breadth" or "burden" of discovery in this case merits a stay. The parties already agreed to exchange Rule 26(a) disclosures, serve document requests, serve responses and objections to requests for production, and negotiate the scope of productions. Mot. at 1. However, Defendant argues that engaging in further discovery will be "costly, extensive, and contentious" and involve the "depositions of senior executives and

requests and subpoenas for the production of several years' worth of documents." *Id.* at 2. Defendant further contends that there will be significant discovery from third parties, such as Wakefern, and may include disputes over depositions of senior executives. *Id.*

A party requesting a stay must state "any burden associated with the production[,]" and "vague and conclusory contentions are not sufficient" to prevail. *Mirra v. Jordan*, No. 15-cv-04100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (holding that the defendant has not established a sufficient burden by simply asserting that the plaintiff's requests "seek extensive documents related to a wide variety of issues"). Defendant's conclusory statements about broad discovery and numerous high-level depositions do not move beyond generally describing the costs of participating in standard civil discovery for a case like this. *Id.* (finding no burden in part because discovery requested was "not an unusual" amount for cases like the one at hand). Defendant has not demonstrated that the discovery anticipated in this case weighs in favor of a stay.

Turning to the second factor, a party seeking a stay must also demonstrate a lack of prejudice to the non-moving party. *Mirra*, 2016 WL 889559, at *3 (declining to stay case when then moving party had "failed to establish that no risk of unfair prejudice to the [non-moving party] exists"). Defendant simply states that a stay will not pose any prejudice to Plaintiff. Mot. at 2. Plaintiff conversely argues that it would be prejudiced by a stay because there is a potential for the memories of witnesses to fade since the factual issues in dispute span approximately 14 years. Opp. at 3. While the Court is not opining as to whether the parties will be permitted to explore discovery for the entire 14-year period, the complaint does allege a long-standing, multi-year relationship. *See, e.g.*, Compl. at ¶¶ 1, 15, 30, 34. The potential fading memories of witnesses who were part of the historical relationship between

4

the parties weighs against a stay.  *See Kaplan*, 2022 WL 2541081, at *1 ("As more time passes, the higher the risk that witnesses will become unavailable and memories will fade."); *Kirschner v. J.P. Morgan Chase Bank, N.A.*, No. 17-cv-06334 (PGG) (SLC), 2020 WL 230183, at *3 (S.D.N.Y. Jan. 15, 2020) (finding the "risk of witnesses' memories further fading with time" a factor contributing to prejudice).

The third factor to consider is whether Defendant has shown that its motion is supported by "substantial arguments for dismissal . . . or – in what we view as an equivalent formulation – that there has been a strong showing that the plaintiff's claim is unmeritorious." *Hong Leong Fin. Ltd. (Singapore)*, 297 F.R.D. at 72 (internal citations and quotation marks omitted).  Without prejudging the outcome of Defendant's motion, especially since it has not been fully briefed yet, Defendant has made serious arguments that would resolve the entire case if granted, and Plaintiff responds with its own significant opposition to Defendant's defenses, including the need for a factual record before issues can be determined.  *See generally* Def. Memo.; Mot. to Dismiss Opp.  "With strong arguments on both sides, Defendant's argument does not rise to a level of the requisite 'strong showing' that Plaintiff's claim is unmeritorious."  *Guiffre v. Maxwell*, No. 15-cv-07433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016).  Given this, and the other two factors weighing against a stay, the Court will deny the motion to stay discovery pending the motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court exercises its discretion to DENY Defendant's request to stay discovery.  The parties shall confer and resubmit a Civil Case Management and Scheduling Order by **February 1, 2023**.  The Clerk of Court is respectfully directed to terminate the letter-motion pending at ECF No. 20.

Dated: January 24, 2023
      New York, New York

                                                SO ORDERED.

                                                JENNIFER L. ROCHON
                                                United States District Judge